IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEN HERRICK AND VERONICA HERRICK,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>　　　　Defendant. | Case No. 4:09CV405<br><br>**ORDER ON<br>FINAL PRETRIAL<br>CONFERENCE** |

A final pretrial conference was held on the 18th day of August, 2011. Appearing for the parties as counsel were:

Attorney for the Plaintiffs:

Thomas G. Lieske (15565)
333 North Colorado Avenue
P.O. Box 268
Minden, NE 68959
308-832-2103
Fax 308-832-2104
thomas.lieske@lieskelawfirm.com

Attorney for the Defendant:

Rex A. Rezac (17787)
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
402-341-6000
Fax 402-341-8290
rrezac@fraserstryker.com

　　**(A)**　**Exhibits.**  See attached Exhibit List.  The parties' exhibit lists, completed to list all exhibits and objections thereto, will be filed by 5:00 p.m. on August 23, 2011.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. This Court has jurisdiction under 28 U.S.C. 1332.
2. The Plaintiffs are residents of Franklin, Franklin County, Nebraska.
3. Defendant is an insurance company qualified to do business in the State of Nebraska.
4. All acts occurred in Franklin County, Nebraska.
5. Defendant issued a Farm and Ranch insurance policy to Plaintiffs, which included coverage for a residential dwelling on farm property owned by Plaintiffs in Franklin County, Nebraska.
6. The policy was in effect on January 26 2009.
7. On or about January 26, 2009, a fire occurred at the residential dwelling on the farm property.
8. Plaintiffs filed a claim with Defendant for the loss sustained on January 26, 2009.
9. On or about July 13, 2009, Defendant denied coverage to Plaintiffs for their loss.

**(C)** **Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

### Plaintiffs' Claim

1. Plaintiffs reasonably relied on the representations of the Defendant in inducing Plaintiffs to purchase a contract of insurance on the insured premises.
2. Plaintiffs at all times complied with the requirements of the contract of insurance issued by the Defendant.
3. ~~Defendant, pursuant to the contract of insurance issued, did not reasonably and properly investigate the loss sustained by the Plaintiffs.~~
4. ~~As a result of Defendant's actions, the investigation is incomplete, improperly done and inaccurate in its conclusions~~.

In light of the court's summary judgment ruling, plaintiff's controverted issues 3 and 4 have been deleted with the agreement of counsel. The plaintiff is not thereby waiving any right to appeal the court's ruling on summary judgment and the corresponding deletion of those issues from the trial of this case.

2

5. Defendants, therefore, breached the contract of insurance with the Plaintiffs and are liable in damages to the Plaintiffs according to the limits of coverage contained within the contract of insurance between the parties.

6. Damages sustained by the Plaintiffs would be in the amount of the policy limits or $90,500.00.

### Defendant's Affirmative Defenses

The issues remaining to be determined and unresolved matters for the court's attention are whether:

1. Whether the fire was "accidental."

2. Whether Plaintiffs caused or procured a loss to covered property for the purpose of obtaining insurance benefits, thereby voiding the insurance policy.

3. Whether Plaintiffs intentionally concealed or misrepresented any material fact or circumstance related to the insurance, thereby voiding the insurance policy.

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by Plaintiffs, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Len Herrick — Will be present.
   Franklin NE 68939

2. Veronica Herrick — Will be present.
   Franklin NE 68939

3. Dale Mertens — Will be present.
   Franklin NE 68939

4. Jenny Mertens — Will be present.
   Franklin NE 68939

5. Lee Frerichs — Will be present.
   Bloomington NE 68929

    6. All witness listed by Defendant    May call.

    7. Any witness required for foundational purposes    May call.

All witnesses expected to be called to testify by Defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

| | |
|---|---|
| Michael J. McCarthy<br>Team Manger<br>Special Investigative Unit<br>State Farm Fire and Casualty Company<br>Omaha Operations Center<br>P.O. Box 83106<br>Lincoln, NE 68501<br>(402) 537-9313 | May call |
| Leonard Herrick<br>███████ ███████<br>Franklin, NE 68939 | Will call |
| Patsy Herrick<br>███████ ███████<br>Franklin, NE 68939 | Will call |
| Richard Herrick<br>███████████████<br>Franklin, NE 68939 | Will call |
| Marilyn Herrick<br>███████████████<br>Franklin, NE 68939 | Will call |
| Lee Herrick<br>███████ ███████<br>Franklin, Nebraska 68939 | Will call |
| Dave Ohlin<br>State Farm Fire and Casualty Company<br>State Farm Special Investigative Unit<br>P.O. Box 83106<br>Lincoln, NE 68501<br>(402) 930-2220 | May call |

| | |
|---|---|
| Matthew John<br>State Farm Special Investigative Unit<br>P.O. Box 83106<br>Lincoln, NE 68501<br>(402) 930-2220 | Will call |
| Lad Petit<br>State Farm Special Investigative Unit<br>P.O. Box 83106<br>Lincoln, NE 68501<br>(402) 930-2220 | May call |
| All witnesses listed by Plaintiffs | May call |
| Any witness required for foundational purposes | May call |
| Expert witnesses listed below | Will call |

**(E)** **Expert Witnesses' Qualifications.** Experts to be called by Plaintiffs and their qualifications are:

1. Deputy State Fire Marshall Marty Nielan         Will be present.
   ▮▮▮▮▮▮▮▮▮▮
   Gibbon, NE 68840

Experts to be called by Defendant and their qualifications are:

Ken Ward
Fire Investigation Specialists, Inc.
4848 Lockwood Circle
Omaha, NE  68152
(402) 457-6013

Curriculum vitae previously provided.

Todd Hartzler, P.E.
Independent Forensic
Investigations Corporation
305 99th
Urbandale, Iowa  50322
(515) 278-0771

Curriculum vitae previously provided.

**(F)** **Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

The Court shall conduct initial voir dire of the potential jurors to inquire of the name of each potential juror, the name of such juror's spouse, and the place of such juror's employment. Counsel for both parties shall then be permitted to examine potential jurors.

**(G)** **Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 12 members. *The parties have been instructed to review Judge Kopf's standard jury practices, and advised the jury will be composed of 7 or 8 jurors.*

**(H)** **Verdict.** The parties will not stipulate to less-than-unanimous verdict.

**(I)** **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs, proposed jury instructions, and proposed findings of fact shall be filed five (5) days before the first day of trial. *Trial briefs and proposed jury instructions will be filed on August 24, 2011.*

**(J)** **Length of Trial.** Counsel estimate the length of trial will consume not less than 3 days, not more than 5 days, and probably about 4 days.

**(K)** **Trial Date.** Trial is set for August 29 through September 1, 2011.

Attorney for Plaintiffs

Thomas G. Lieske (15565)
333 North Colorado Ave.
P.O. Box 268
Minden, NE 68959
308-832-2103
Fax 308-832-2104
thomas.lieske@lieskelawfirm.com

Attorney for the Defendant

Rex A. Rezac 17787
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
402-341-6000
Fax 402-341-8290
rrezac@fraserstryker.com

8/18/2011
_____

BY THE COURT:

_____

598530